# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DENICE PERRY,<br><br>      Plaintiff,<br><br>v.<br><br>KOHL'S DEPARTMENT STORES, INC.,<br><br>      Defendant. | Case No. 1:21-cv-00142<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*<br><br>2. Rhode Island Privacy Act, R.I. Gen. L. § 9-1-28.1 *et seq.* |

Plaintiff, Denice Perry, ("Perry" or "Plaintiff"), by and through her attorneys, alleges the following violations of state and federal law against Defendant, Kohl's Department Stores, Inc. ("Kohl's" or "Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.

2. Count II of Plaintiff's Complaint is based upon the right to privacy as codified by R.I. Gen. L. § 9-1-28.1.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq.* and 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this District.

5. Defendant transacts business here; therefore, personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in the city of Warwick, Kent County, Rhode Island.

7. Kohl's is a retail chain of department stores that also offers store credit cards. Kohl's principal place of business is located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051.

8. At all times relevant, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. In or around June 2020, in an attempt to collect on one or more alleged consumer accounts related to a Kohl's credit card, Kohl's began contacting Plaintiff at her cell phone number ending in 9436.

10. The calls originated from many telephone numbers, including (210) 346-2817, (262) 704-9780, 262-704-8208, (401) 200-8201, (401) 229-4479, (401) 229-4480, (401) 229-4588, (401) 229-4718, (401) 229-4733, (401) 229-4774, (401) 229-4934, (401) 491-4565, (401) 491-4570, (401) 491-4571, (401) 491-4575, (401) 491-4577, (401) 491-4595, (401) 491-4600, (401) 491-4605, (401) 491-4613, (401) 491-4618, (401) 491-4622, (401) 491-4625, (401) 491-4627, and (401) 491-4628.

11. Upon information and belief, all these telephone numbers are owned, operated, or controlled by Kohl's.

12. Upon information and belief, Kohl's utilizes different numbers to conceal the origin of the calls and make it difficult for a debtor to block or otherwise avoid the calls.

13. In or around this time, Plaintiff was going through financial hardship. The COVID-19 crisis resulted in a loss of work hours for her, and she had recently lent money to a family member who did not pay her back.

14. On or about June 3, 2020, at 10:43 a.m., Plaintiff received a phone call from telephone number (401) 491-4575. After Plaintiff answered the phone, a representative began speaking. The representative identified herself as "Cynthia" and stated that Kohl's was attempting to collect a debt owed by Plaintiff.

15. Plaintiff indicated to "Cynthia" that she was going through severe financial hardship, and as a result she could not afford to make any payments, nor did she want Kohl's to call her. She further stated that any future communication to her should be delivered by mail only.

16. Kohl's ignored Plaintiff's request to stop calling her.

17. Between July 8, 2020 and February 8, 2021, Kohl's called Plaintiff a total of two hundred fourteen (214) times after Plaintiff asked Kohl's to cease calling and continue communications through the mail only.

18. Kohl's called Plaintiff six (6) times on December 29, 2020, at 11:47 a.m., 12:59 p.m., 2:12 p.m., 2:42 p.m., 5:30 p.m., and 7:40 p.m.

19. Kohl's called Plaintiff six (6) times the very next day on December 30, 2020, at 9:16 a.m., 11:07 a.m., 1:40 p.m., 3:16 p.m., 4:53 p.m., and 4:55 p.m.

20. Plaintiff was called by Kohl's on Labor Day, September 7, 2020.

21. Kohl's called Plaintiff prior to her normal waking hours, during her working hours, and late in the evening.

22. Plaintiff would receive calls from Kohl's as early as 8:02 a.m. and as late as 7:43 p.m.

23. Upon information and belief, Kohl's used an automatic telephone dialing system to call Plaintiff's cell phone.

24. Kohl's called Plaintiff at or near the same time on multiple different days, consistent with the use of an automatic telephone dialing system.

25. Kohl's called Plaintiff at or near 3:20 p.m. on dates including, but not limited to: 7/9/20, 7/13/20, 7/16/20, 7/27/20, 10/3/20, and 10/4/20.

26. Every call to Plaintiff's cell phone from Defendant resulted in loss of use of her cell phone, distraction, frustration, embarrassment, and anxiety as Plaintiff would have to pull out the cell phone, check the number, and dismiss the call.

27. Kohl's regularly called Plaintiff while she was at work, distracting her and humiliating her around her colleagues.

28. Defendant's incessant calling was done with the full knowledge that Plaintiff was already dealing with the anxiety and stress associated with financial hardship, and after Plaintiff respectfully requested that calls to her cell telephone stop and that all communications be conducted via mail.

29. On July 24, 2019, in response to varying district court opinions, the US House of Representatives passed H.R. 3375 by a vote of 429-3. The House intended to clarify the language of the TCPA and made it clear that the TCPA covers systems that call consumers from a stored list.

30. H.R. 3375 further clarified that under the TCPA, a consumer may revoke consent—even consent given in a contract.

31. Upon information and belief, Kohl's knew it was calling Plaintiff's cell phone using an automatic telephone dialing system.

32. Upon information and belief, Kohl's is familiar with the TCPA.

33. Kohl's incessant and unwanted phone calls to Plaintiff's personal cell phone intruded upon Plaintiff's physical seclusion.

34. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish, stress, frustration, anxiety, sleeplessness, embarrassment, and the loss of use of her personal cell phone.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227 *et seq.*)

35. Plaintiff incorporates by reference the paragraphs above as though fully stated herein.

36. Defendant violated the TCPA.  Defendant's violations include, but are not limited to, the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii), which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number

assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial or prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

37. Defendant's acts, as described above, were done willfully in violation of the TCPA.

38. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
**(Violations of the Rhode Island Privacy Act, R.I. Gen. Laws § 9-1-28.1 *et seq.*)**

39. Plaintiff incorporates by reference the paragraphs above as though fully stated herein.

40. Defendant violated Plaintiff's right to privacy, codified by the Rhode Island Privacy Act, R.I. Gen. Laws § 9-1-28.1. Defendant's violations include, but are not limited to, the following:

    a. Defendant intentionally and physically intruded upon Plaintiff's solitude and seclusion by engaging in harassing phone calls placed to Plaintiff's cell phone

      to collect on an alleged debt despite an express request for the calls to cease, in violation of R.I. Gen. Laws § 9-1-28.1(a)(1).

  b. The telephone calls to Plaintiff by Defendant were sent to Plaintiff's cell phone, which she keeps on her person to communicate with her personal contacts. Thus, Kohl's unwanted phone calls constantly reached her whether she was at work or at home trying to enjoy private time, environments which are "entitled to be private or would be expected to be private". R.I. Gen. Laws § 9-1-28.1(a)(1)(i)(A).

  c. Defendant's conduct constantly interrupted Plaintiff's work and free time over a several-month period and would be "offensive or objectionable to a reasonable man". R.I. Gen. Laws § 9-1-28.1(a)(1)(i)(B).

  d. Defendant's intrusion upon Plaintiff's seclusion was highly offensive to the reasonable person, oppressive, outrageous, and exceeded reasonable collection efforts. Defendant called Plaintiff hundreds of times in the span of a few months. Defendant's conduct was especially unreasonable because it called relentlessly after Plaintiff explained her financial hardships and expressly revoked consent to be called multiple times.

  e. Defendant's acts, as described above, were done intentionally, with full knowledge of Plaintiff's financial hardship, and with the purpose of coercing Plaintiff to make a payment that Defendant knew Plaintiff could not afford.

41. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages in the District Court of Rhode Island, pursuant to R.I.

Gen. Laws § 9-1-28.1(b). If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff Denice Perry respectfully requests judgment be entered against Defendant Kohl's for the following:

A.  Declaratory judgment that Defendant violated the TCPA and Plaintiff's right to privacy;

B.  Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

C.  Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3);

D.  Actual and punitive damages resulting from the invasions of Plaintiff's privacy and violations of R.I. Gen. Laws § 9-1-28.1;

E.  Any other relief that this Honorable Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

///
///
///
///
///

Respectfully submitted this 24th day of March 2021,

> By: */s/ Daniel Ruggiero*
> Daniel Ruggiero, Esq.
> Law Offices of Daniel G. Ruggiero
> 274 Grove St., Suite 2-400
> Newton, MA 02466
> T: (339) 237-0343
> F: (339) 707-2808
> E: druggieroesq@gmail.com
> *Attorney for Plaintiff,*
> *Denice Perry*