UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DENICE PERRY, | CIVIL ACTION NO. 1:21-cv-00142 |
| Plaintiff, | |
| v. | DEFENDANT KOHL'S DEPARTMENT STORES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL |
| KOHL'S DEPARTMENT STORES, INC., | |
| Defendant. | |

Defendant Kohl's, Inc. ("Kohl's"), misnamed as Kohl's Department Stores, Inc., by and through its attorneys, Kelley Drye & Warren LLP, hereby answers the Complaint (the "Complaint") of plaintiff Denice Perry ("Plaintiff"), as follows:

## INTRODUCTION

1.      To the extent that Paragraph 1 of the Complaint states that Plaintiff bases her Complaint on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, no response is required.  To the extent that a response is required, Kohl's denies that it violated the TCPA or any other law based on the allegations in of the Complaint.

2.      To the extent that Paragraph 2 of the Complaint states that Plaintiff bases her Complaint on the common law "Right to Privacy," no response is required.  Defendant denies that it violated Plaintiff's "Right to Privacy" or any other law based on the allegations of the Complaint.

## VENUE AND JURISDICTION

3.      Paragraph 3 of the Complaint states a legal conclusion to which no response is required.   To the extent that a response is required, Kohl's denies the allegations in Paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint states a legal conclusion to which no response is

required. To the extent that a response is required, Kohl's denies the allegations in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Kohl's denies the allegations in Paragraph 5 of the Complaint.

## PARTIES

6. Kohl's is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore, denies those allegations.

7. Kohl's admits only that it is a business entity located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051, and that it offers Kohl's private label charge accounts. Kohl's denies the remaining allegations in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Kohl's denies the allegations in Paragraph 8 of the Complaint.

## FACTUAL ALLEGATIONS

9. Paragraph 9 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Kohl's admits only that it services its Kohl's private label credit cards, and that it attempted to contact Plaintiff in connection with her Kohl's charge account. Kohl's denies the remaining allegations in Paragraph 9 of the Complaint and denies that it violated the TCPA, the R.I. Gen. L.§ 9-1-28.1 or any other laws based on the allegations in Paragraph 9 of the Complaint.

10. Kohl's admits only that it services its Kohl's private label credit cards, and that it attempted to contact Plaintiff in connection with her Kohl's charge account. Kohl's denies

knowledge or information sufficient to form a belief as to each of the particular numbers used to call Plaintiff in connection with her account. Kohl's denies the remaining allegations in Paragraph 10 of the Complaint and denies that it violated the TCPA, the R.I. Gen. L.§ 9-1-28.1 or any other laws based on the allegations in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Kohl's denies the allegations in Paragraph 11 of the Complaint.

12. Kohl's denies the allegations in Paragraph 12 of the Complaint.

13. Kohl's is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and therefore, denies those allegations.

14. Paragraph 14 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Kohl's admits only that contacted Plaintiff in connection with her Kohl's charge account. Kohl's denies that it violated the TCPA, the R.I. Gen. L.§ 9-1-28.1 or any other laws based on the allegations in Paragraph 14 of the Complaint.

15. Kohl's is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and therefore, denies those allegations.

16. Paragraph 16 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Kohl's denies the allegations in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Kohl's denies the allegations in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint states a legal conclusion to which no response is

required. To the extent that a response is required, Kohl's denies the allegations in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Kohl's denies the allegations in Paragraph 19 of the Complaint.

20. Paragraph 20 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Kohl's denies the allegations in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Kohl's denies the allegations in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Kohl's denies the allegations in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Kohl's denies the allegations in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Kohl's denies the allegations in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Kohl's denies the allegations in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint states a legal conclusion to which no response is required. Furthermore, Kohl's states that it is without knowledge or information sufficient to form a belief as to Plaintiff's subjective experiences, and therefore, no response is required. To the extent that a response is required, Kohl's admits only that that it services its Kohl's private label credit cards, and that it attempted to contact Plaintiff in connection with her Kohl's charge account. Kohl's denies that it violated the TCPA, the R.I. Gen. L.§ 9-1-28.1 or any other laws based on the allegations in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint states a legal conclusion to which no response is required. Furthermore, Kohl's states that it is without knowledge or information sufficient to form a belief as to Plaintiff's subjective experiences, and therefore, no response is required. To the extent that a response is required, Kohl's admits only that that it services its Kohl's private label credit cards, and that it attempted to contact Plaintiff in connection with her Kohl's charge account. Kohl's denies that it violated the TCPA, the R.I. Gen. L.§ 9-1-28.1 or any other laws based on the allegations in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint states a legal conclusion to which no response is required. Furthermore, Kohl's states that it is without knowledge or information sufficient to form a belief as to Plaintiff's subjective experiences, and therefore, no response is required. To the extent that a response is required, Kohl's admits only that that it services its Kohl's private label credit cards, and that it attempted to contact Plaintiff in connection with her Kohl's charge account. Kohl's denies that it violated the TCPA, the R.I. Gen. L.§ 9-1-28.1 or any other laws based on the allegations in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint purports to reference the purpose of the House of Representatives Bill H.R. 3375 and, therefore, no response is required. To the extent that a

response is required, Defendant denies that it violated the TCPA, the R.I. Gen. L.§ 9-1-28.1 or any other statute or law alleged in the Complaint.

30. Paragraph 30 of the Complaint purports to reference the purpose of the House of Representatives Bill H.R. 3375 and, therefore, no response is required. To the extent that a response is required, Defendant denies that it violated the TCPA, the R.I. Gen. L.§ 9-1-28.1 or any other statute or law alleged in the Complaint.

31. Paragraph 31 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Kohl's denies the allegations in Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Kohl's denies the allegations in Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Kohl's denies the allegations in Paragraph 33 of the Complaint.

34. Kohl's states that it is without knowledge or information sufficient to form a belief as to Plaintiff's subjective experiences, and therefore, no response is required. To the extent that a response is required, denies the allegations in Paragraph 34 of the Complaint and denies that it violated the TCPA, the R.I. Gen. L.§ 9-1-28.1 or any other laws based on the allegations in Paragraph 34 of the Complaint.

**COUNT I**
**(Violations of the TCPA, 47 U.S.C. § 227  *et seq.*)**

35. Kohl's hereby incorporates its responses to the allegations asserted in all previous paragraphs 1 through 34 as though fully set forth herein.

36. Paragraph 36 of the Complaint, including subparagraphs a through b, states a legal conclusion to which no response is required. To the extent that a response is required, Kohl's denies the allegations in Paragraph 36 of the Complaint, including subparagraphs a through b..

37. Kohl's denies the allegations in Paragraph 37 of the Complaint.

38. Kohl's denies the allegations in Paragraph 38 of the Complaint and denies that Plaintiff is entitled to any of the relief that she seeks in Paragraphs 38 of the Complaint.

## COUNT II
### (Violations of the Rhode Island Privacy Act, R.I. Gen. Laws § 9-1-28.1 *et seq.*)

39. Kohl's hereby incorporates its responses to the allegations asserted in all previous paragraphs 1 through 38 as though fully set forth herein.

40. Paragraph 40 of the Complaint, including subparagraphs a through e, states a legal conclusion to which no response is required. To the extent that a response is required, Kohl's denies the allegations in Paragraph 40 of the Complaint, including subparagraphs a through e.

41. Kohl's denies the allegations in Paragraph 41 of the Complaint and denies that Plaintiff is entitled to any of the relief that she seeks in Paragraphs 41 of the Complaint.

## PRAYER FOR RELIEF

Kohl's denies that Plaintiff is entitled to any of the relief that she seeks in the "WHEREFORE" clause of the Complaint, including Paragraphs A through E that follow Plaintiff's Prayer for Relief.

## DEMAND FOR JURY TRIAL

Kohl's admits that Plaintiff has requested a jury trial as set forth in the Complaint.

## AFFIRMATIVE DEFENSES

By way of further response, Kohl's alleges the affirmative defenses and claims to the Complaint.

**First Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, unclean hands, and waiver, as upon information and belief, Plaintiff informed Kohl's that the telephone number at issue in this case was the best number at which to contact her.

**Second Affirmative Defense**

Plaintiff's claims against Kohl's are barred, in whole or in part, by the TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses.

**Third Affirmative Defense**

Kohl's alleges that Plaintiff has expressly or impliedly consented to and approved all of the acts and omissions about which Plaintiff now complains. Accordingly, Plaintiff is barred from pursuing claims alleged in the Complaint.

**Fourth Affirmative Defense**

Kohl's had consent to make any calls that it placed as, upon information and belief, Plaintiff agreed to be contacted by Kohl's at any telephone number at which Kohl's reasonably believed it could reach her under the terms of the Kohl's Card Member Agreement, which Plaintiff agreed to when she applied for a Kohl's charge card on or about September 11, 2017.

**Fifth Affirmative Defense**

Plaintiff's claims against Kohl's are barred because the TCPA does not permit Plaintiff to revoke consent after, as part of a bargained-for-exchange, she agreed to be contacted under the terms of the Kohl's Card Member Agreement when she applied for a Kohl's charge card on or about September 11, 2017.

**Sixth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of good-faith as, upon information and belief,

Kohl's acted in good faith with respect to any calls it made to Plaintiff in connection with her Kohl's charge card as Plaintiff provided consent to be called regarding her account when she agreed to the terms of the Kohl's Card Member Agreement when she applied for a Kohl's charge card on or about September 11, 2017.

### Seventh Affirmative Defense

Upon information and belief, Plaintiff lacks standing to assert the claims alleged in the Complaint under the TCPA as she cannot demonstrate any concrete injury as a result of Kohl's alleged actions, pursuant to *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1549 (2016).

### Eighth Affirmative Defense

Kohl's alleges that by Plaintiff's conduct, representations, and omissions, upon which Kohl's detrimentally relied, Plaintiff is equitably estopped from asserting any claim for relief against Kohl's as, upon information and belief, Plaintiff informed Kohl's that the telephone number at issue in this case was the best number to contact her on during contact with Kohl's regarding her Kohl's charge account.

### Ninth Affirmative Defense

Kohl's alleges that Plaintiff is not entitled to any relief because Kohl's conduct did not proximately cause any damages, injury or loss to Plaintiff as, upon information and belief, none of the calls made by Kohl's were in violation of the TCPA or any other law.

### Tenth Affirmative Defense

Kohl's is informed and believes, and on that basis alleges, that granting Plaintiff's demand would result in unjust enrichment, as Plaintiff would receive more money than Plaintiff is entitled to receive as, upon information and belief, none of the calls made by Kohl's were in violation of the TCPA or any other law.

### Eleventh Affirmative Defense

Kohl's alleges that by conduct, representations, and omissions, Plaintiff has waived, relinquished, and/or abandoned any claim for relief against Kohl's respecting the matters that are the subject of the Complaint.

### Twelfth Affirmative Defense

The damages Plaintiff seeks against Kohl's violate the Due Process Clause of the United States Constitution, and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

### Thirteenth Affirmative Defense

Plaintiff's claims against Kohl's are barred because the calls about which she complains constitute commercial speech protected by the First Amendment to the United States Constitution and the imposition of liability on Kohl's for such calls would violate its First Amendment rights.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred because Kohl's did not engage in willful and/or knowing misconduct in any of the calls it made to Plaintiff in connection with her Kohl's charge card as, upon information and belief, Plaintiff provided consent to be called regarding her account when she agreed to the terms of the Kohl's Card Member Agreement when she applied for a Kohl's charge card on or about September 11, 2017.

### Fifteenth Affirmative Defense

Kohl's states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Kohl's reserves the right to assert additional affirmative defenses in the event that discovery indicates it would be appropriate.

WHEREFORE, Kohl's prays for judgment as follows:

1. That Plaintiff takes nothing by reason of her Complaint;

2. That judgment be entered against Plaintiff and in favor of Kohl's;

3. That Kohl's recover all expenses, costs, and attorneys' fees in connection with this lawsuit; and

4. That the Court grant Kohl's such other and further relief as it deems just and proper.

Dated: May 24, 2021                              Respectfully submitted,


*/s/ Mary C. Dunn*
Mary C. Dunn (#6712)
BLISH & CAVANAGH, LLP
30 Exchange Terrace
Providence, RI 02903
Tel: (401) 831-8900
Fax: (401) 751-7542 (fax)
mcd@blishcavlaw.com

*Attorney for Defendants*
*Kohl's, Inc.*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 24, 2021, this document, filed through the EF system, will be sent electronically to the parties identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

                */s/ Mary C. Dunn*